IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEKSEY TSVETKOV,<br>Petitioner<br><br>v.<br><br>THOMAS R. DECKER, et al.,<br>Respondents | CIVIL ACTION NO. 3:10-CV-1042<br><br>(Judge Munley) |

## MEMORANDUM

Aleksey Tsvetkov ("petitioner"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, on May 14, 2010. (Doc. 1). He has paid the requisite filing fee. (Id.) Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, it is concluded that the petition for writ of habeas corpus will be denied.

I. **Background**

Petitioner, a native and citizen of the Ukraine, is presently in removal proceedings. (Doc. 1, at 2, ¶ 2). He was admitted to the United States as a refugee in 1992. (Doc. 1, at 13.) His status was adjusted to that of lawful permanent resident in 1994. (Id.) "He was placed into these removal proceedings on or about May 30, 2007, with service upon him of a Notice to Appear, Form I-162. The ground of aggravated felony is not contested." (Id. at

13.) He was subsequently ordered removed to Ukraine by an Immigration Judge on March 12, 2008. (Id.)

He was taken into ICE custody on April 2, 2009. (Id. at 6, ¶ 19.) On September 12, 2009, he was granted a motion to reopen his case. He was "granted deferral of removal under Article III of the Convention Against Torture by an Immigration Judge on April 15, 2010. The Office of Chief Counsel has appealed the decision of the Immigration Judge to the Board of Immigration Appeals (BIA), the decision of the BIA is currently pending." (Doc. 1-2, at 101.)

On May 4, 2010, his custody status was reviewed and it was concluded that he was to remain in ICE custody as he is subject to mandatory custody under INA section 236(c) as having been convicted of an aggravated felony as defined in section 101(a)(43)(J) of the Immigration and Nationality Act. He filed the instant petition on May 14, 2010, seeking release from ICE custody "because such custody is in violation of the Constitution and Laws of the United States." (Doc. 1, at 2, ¶ 1.)

## II. Discussion

The apprehension and detention of aliens, pending removal decisions, are governed by § 236 of INA, 8 U.S.C. § 1226. Section 1226(c)(1)(B), instructs the Attorney General to take into custody and detain any alien who is deportable by reason of having committed any offense covered in section 8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D). In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court found that mandatory pre-order detention

2

under § 1226(c) does not violate the protections guaranteed under the Constitution. In Demore, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible even where there has been no finding that they are unlikely to appear for their deportation proceedings. See id. at 524-529.

Because petitioner is subject to removal due to the commission of an aggravated felony as defined in section 101(a)(43)(J) of the Immigration and Nationality Act, his detention is mandatory pursuant to § 1226(c). However, the Court recognizes the growing consensus within this district and throughout the federal courts, that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns. See, Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005); Ly v. Hansen, 351 F.3d 263, 267-68 (6th Cir. 2003); Prince v. Mukasey, 593 F. Supp.2d 727, 734 (M.D.Pa. 2008). The Demore court repeatedly qualified its holding by noting that mandatory detention is constitutionally permissible for the "brief," id. at 513, 523, "limited," id. at 526, 529 n. 12, 531 and "temporary," id. at 531, period necessary for removal proceedings. Although prolonged detention serves the statutory purpose of guaranteeing an alien's presence at removal proceedings, it does not satisfy the expectation that such proceedings will be conducted in an expeditious manner. Ly, 351 F.3d at 269; see also Patel v. Zemski, 275 F.3d 299, 304 (3d Cir. 2001), overruled on other

3

grounds by <u>Demore</u>, 538 U.S. at 516 (noting "[t]he current immigration laws reflect part of a growing effort by Congress to expedite the removal of criminal aliens"). Petitioner has been in ICE custody for approximately thirteen months. However, there is no indication of delay or stalling on the part of ICE. Although removal proceedings are not yet complete, the matter is moving forward at an acceptable pace. Detention is therefore both mandatory and constitutionally permissible. Consequently, the petition will be denied.

    An appropriate order will issue.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court

Dated: May __, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEKSEY TSVETKOV, | : | CIVIL ACTION NO. 3:10-CV-1042 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| THOMAS R. DECKER, et al., | : | |
| Respondents | : | |

## ORDER

AND NOW, to wit, this 26 day of May 2010, in accordance with the foregoing memorandum, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court